FILED 40
Honorable Donald L. Manford State Senator, District 8 Room 334, State Capitol Building Jefferson City, Missouri 65101
Dear Senator Manford:
This letter is in response to your question asking:
 "Do contributions to a campaign fund for the benefit of a candidate for the Missouri General Assembly constitute a gift, honorarium or thing of value to be reported as such under the new Missouri Lobbyist Law and is the same true of the purchase of tickets to a dinner, cocktail party or other `fund raiser'?"
The act to which you refer is C.C.S.S.C.S.H.C.S. House Bills Nos. 20, 79, 386, 760, and 765, 78th General Assembly.
That portion of the act which has particular reference to your question is subsection 4 of Section 105.470 which provides in full as follows:
 "Within ten days after the convening of any regular or special session of the general assembly, and forty-five days before the adjournment of any regular session, and within thirty days after each session in each year in which a lobbyist continues to engage in any activity described in subdivision (3) of section 1, each lobbyist shall file with the chief clerk of the house of representatives and the secretary of the senate on standardized forms prescribed by the chief clerk and the secretary of the senate reports which shall include a sworn statement setting forth the following:
 (1) The lobbyist's total expenditures on lobbying and an itemized statement of such expenditures into at least the following categories: printing and publication expenses; media and other advertising expenses; travel; and entertainment;
 (2) A list showing the name of the recipient and amount of each honorarium, gift or loan, including a service or anything of value exceeding in the aggregate the value of, or an amount in excess of, twenty-five dollars, paid or provided during any calendar month to or for an official in the legislative branch;
 (3) For each principal by whom the lobbyist was employed, or in whose behalf he acted, separate statements of the proposed legislation or legislative action which the lobbyist supported or opposed;
 (4) The reports required herein shall cover the time periods since the filing of the last report or since the lobbyist's employment or representation began, whichever is most recent."
It should be noted that subdivision (2) of subsection 4, above quoted, requires that the sworn statement list the name of the recipient and the amount of each honorarium, gift, or loan, including a service or anything of value exceeding in the aggregate the value of, or an amount in excess of, twenty-five dollars, paid or provided during any calendar month to or for any official in the legislative branch.
Obviously, gifts by lobbyists to candidates who are not presently incumbents of the General Assembly are not gifts to or for "an official in the legislative branch." On the other hand, gifts that are made by lobbyists either directly or indirectly to or for an official in the legislative branch come within the provisions of the above section even though such gifts may be for political campaigning or other purposes.
We conclude, therefore, that, if the candidate is presently an incumbent of the General Assembly, campaign contributions, dinner, cocktail, and fund raiser tickets in excess of twenty-five dollars a calendar month are gifts which are required to be reported by lobbyists under subdivision (2) of subsection 4 of Section105.470.
In addition, all expenditures by lobbyists must be reported under subdivision (1) of subsection 4 of Section 105.470.
Yours very truly,
 JOHN C. DANFORTH Attorney General